IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-561-BO

| | | |
|---|---|---|
| DALLAS EVERETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23 & 25]. A hearing on this matter was held in Raleigh, North Carolina on August 15, 2013 at 10:00 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability benefits on June 12, 2008. He alleged a disability onset date of December 4, 2006 which was later amended to July 22, 2008. The claimant's application was denied initially and upon reconsideration. The plaintiff then requested an administrative hearing and one was held on January 13, 2010. On April 19, 2010 the presiding Administrative Law Judge ("ALJ") issued her opinion that the plaintiff was not disabled. On October 26, 2010 the Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

The plaintiff allegedly suffers from a meniscus tear of the right knee; disc space narrowing and osteophytosis at C-5, C-6; chronic cervical sprain and degenerative disease of the cervical spine; lumbosacral strain and degenerative disease of the lumbar spine; degenerative joint disease of the right knee; and hypertension. [Tr. 14].

Plaintiff suffered a shoulder and neck injury in 1984 while playing football in the military and has reported chronic stiffness and arthritis pain in his back thereafter. [Tr. 16]. Plaintiff was diagnosed with hypertension in 1995, but it was not always well-controlled. [*Id.*]. Despite these injuries and impairments, plaintiff spent approximately 21 years in the army. [*Id.*]. In 1996, a podiatrist removed a bone spur from plaintiff's left ankle but damaged a nerve so that plaintiff could not fully invert his ankle essentially ending his military career. [Tr. 41]. Plaintiff was also involved in at least one motor vehicle accident before his onset date of December 4, 2006. [Tr. 16]. Yogesh Ghandi, M.D. diagnosed plaintiff with lumbago in 2006. [Tr. 17]. After an MRI in January, 2007, a radiologist found a tear of the medial meniscus, but the untreated tear was also present in an August 2003 MRI. [*Id.*].

As of December 19, 2006, the Veterans Administration ("VA") found that plaintiff was 70% service connected disabled. [Tr. 366–67]. The VA determined disability ratings of 20% limited ankle motion; 20% for paralysis of the upper radicular nerve group; 20% for intervertebral disc syndrome; 20% for degenerative arthritis of the spine; 10% for hypertensive vascular disease; and 10% for plaintiff's lower leg condition. [Tr. 417].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative

record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by not finding plaintiff disabled under the Medical Vocational Guidelines ("grids"). The ALJ assessed a RFC for light work with the ability to sit, stand, or walk at will with additional restrictions regarding pushing, pulling, overhead reaching, kneeling, bending, crawling, and stooping. [Tr. 15]. Based upon this RFC, the ALJ determined that plaintiff could no longer perform his past relevant work. [Tr. 22]. After establishing plaintiff's RFC, the ALJ turned to a vocational expert ("VE") to determine if jobs exist in the national economy for an individual with the claimant's age, education, work experience, and RFC. [Tr. 23]. Although the VE provided the ALJ with a list of jobs including some classified as light (Production Assembler, Dictionary of Occupational Titles ("DOT") No. 706.687-010; Cashier, DOT No. 211.462-010), and some classified as sedentary (Final Assembler, DOT No. 713.687-018; Lens Inserting Assembly. DOT No. 713.687-026). [Tr. 91–92]. The job numbers the VE supplied the ALJ with were for only positions that would be sedentary. [*Id.*]. The VE was consistent in supplying the ALJ with job numbers only for positions that would actually be sedentary even when the hypothetical limitations changed. [Tr. 92, 104]. The VE also stated that no skills would transfer from plaintiff's past relevant work to any of the positions that he would now be able to perform. [Tr. 95–97].

Because the jobs cited are at the sedentary exertion level, plaintiff should have been found disabled pursuant to the grids. Plaintiff was 54 at the time of the ALJ's decision and 52 at the time of the alleged onset date. [Tr. 160 (showing plaintiff's date of birth)]. No skills from his past work were transferrable. [Tr. 95–97]. Therefore, plaintiff should have been found disabled pursuant to grid rule 201.14. Medical Vocational Guidelines 20 C.F.R. pt. 404, subpt. P, App. 2 § 201.14 (2012).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 10 day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE